### SIEGEL v FISCHER et

Ohio Appeals, 2nd Dist, Miami Co

No 311.  Decided April 26, 1933

Faust & Faust, Troy, for plaintiff in error.
W. A. Haines, Troy, and W. H. Gilbert, Troy, for defendant in error.

## OPINION

By BARNES, J.

The motion for new trial and petition in error sets out some nine or ten separate grounds of error. In a measure these follow the statutes and are so interwoven one with the other that we have concluded to follow the summary as set forth on page 15 of the brief of plaintiff in error. First it is claimed that the case should have never been presented to the jury on the petition and pleadings as filed by defendants in error.

This involves the question of the trial court's action on the motions to strike; departure as claimed in plaintiff's petition and reply; the motions to direct a verdict at close of plaintiffs' testimony and renewed at the close of all the testimony. We will first consider the motion as directed to the third cause of action and will at once say that since the jury returned its verdict in favor of the defendant on this cause of action any claimed error relative thereto can not be made a predicate of motion for new trial. Any discussion relative to this third cause of action would be purely academic, but in passing we might say that we doubt if any of the claimed errors relative thereto are well founded.

The motion directed to the first cause of action sought to have stricken the following:

"The defendant by reason of the foregoing premises is justly indebted to the plaintiff in the sum of $800.00 with 6% interest from the 26th day of November 1930,

which amount plaintiff demands of the defendant."

As we understand, counsel for defendant bases this motion on the ground that the earlier paragraphs in this first cause of action fail to set out that the $800 had been paid. We think the trial court was right in overruling the motion. Even if defendant's contention as to the law is correct the question should have been raised either by demurrer or motion to make more specific and certain. Furthermore a motion to strike is very generally addressed to the sound discretion of the court and very rarely can be made a predicate for a new trial.

There is probably a departure in plaintiff's reply from the relief sought in the petition and had defendant raised the question before trial it is very probable that the trial court should and would have sustained such claim. From an examination of the record we find that after the filing of the reply no further question was raised by the defendant until the motion to direct verdict after the close of plaintiff's testimony. It is our conclusion that this was too late. Under the law a departure may be waived and defendant in going to trial without objection did waive it in the instant case. For a discussion of this question we make reference to Bates Pleading Practice, Parties and Forms, Fourth Edition, §328 and notes thereunder.

Defendant could not be taken by surprise nor could it in any way change the nature of the evidence to be presented. If the consideration price had been paid in money plaintiff would want a money judgment, if paid by notes and the same not negotiated, plaintiff would want cancellation of the notes. There would be no variance in the substance.

This court would not want to hold out the procedure followed as model in its form, but where the parties go to trial without objection the present tendency of reviewing courts is to go through the form and look into the substance.

Being of the opinion that a departure was waived, the trial court was correct in overruling the motion for a directed verdict. So far as these motions refer to the third cause of action we have already given our conclusions on it.

Under the issues as finally submitted to the jury we find no error in the jury's finding and the court's judgment cancelling the notes.

In the third summary, page 15 of the brief, counsel for defendant contends that plaintiffs had ample opportunity to test the horse before purchase and therefore did not rely upon the warranty, if any was made, by defendant.

This was purely a question of fact and the trial court very clearly submitted the question to the jury. We see no reasons why the verdict of the jury should be disturbed. The fourth summary raises the question that notice of breach of warranty was not given within reasonable time as required by statute. Again this is a disputed fact. It was undoubtedly a long time between the dates of the sale of the horse and his return. However, plaintiffs introduced evidence that they had advised defendants of the failure of the horse and that the defendant persuaded them to give the horse a further trial in the next season. It is true the defendant denied this conversation but if the jury believed it, it would be an explanation of the lapse of time and furthermore it would be a waiver of a strict compliance of this provision of the statute.

Defendant complains that the horse was not returned to him in substantially as good condition as at the time of delivery. Again this was a question of fact that was in dispute and it is a well recognized doctrine that reviewing courts will not disturb on findings of fact unless it is so manifestly against the weight of the evidence as to shock the conscience. No such situation is shown in this case. Reference is also made to the failure of the plaintiffs to return the pedigree. This question arose for the first time in the evidence. No issue is made thereon in the pleadings. Plaintiffs claim that they did not have the horse registered in their name. Under any view, we do not think that this question is of sufficient moment to warrant a disturbance of the verdict.

We have examined the charge of the trial court and we do not find any prejudicial error therein. The claimed error in the charge referred to on page 14 of the brief of plaintiff in error can not be considered for the reason that it is not claimed that what the court said was erroneous, but rather that he omitted to elucidate as fully as counsel thinks he should. The law is very plain that where this situation arises it becomes the duty of counsel to call the court's attention to such omission in his charge and the failure so to do answers all questions of prejudicial error.

It is our conclusion that the judgment of the trial court should be sustained. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur,